**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW E. ORSO,

    Plaintiff,

v.                                            Case No:   6:21-mc-117-RBD-LHP

NOD EXAVIER,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR SUBSTITUTION OF PLAINTIFF (Doc. No. 8)**
>
> **FILED:**      **October 17, 2022**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On August 14, 2017, a final judgment was entered in the United States District Court for the Western District of North Carolina in favor of Kenneth D. Bell, in his capacity as court-appointed receiver for Rex Venture Group, LLC, d/b/a ZeekRewards.com ("Bell"), and against several individual class members,

including Defendant Nod Exavier. Doc. No. 1-1. On September 20, 2021, Matthew E. Orso ("Orso"), a successor receiver to Bell, registered a certified copy of that foreign judgment with this Court. Doc. Nos. 1, 1-1. With the registration of the foreign judgment, Orso also submitted an Amended Receivership Order Appointing Successor Receiver, appointing Orso as successor receiver to Bell. Doc. No. 1-2.

By the above-styled motion, Nationwide Judgment Recovery, Inc. ("Nationwide"), through counsel, seeks to be substituted as the party-Plaintiff in this matter, in place of Orso, as Successor Trustee to Bell, in his capacity as Court-Appointed Receiver for Rex Venture Group, LLC. Doc. No. 8.[1] In support, Nationwide submits documentation demonstrating that Orso was appointed as successor receiver in place of Bell, *see* Doc. No. 8-1, at 1–6, and that Orso sold several of the underlying final judgments at issue to Nationwide in December 2019, *see* Doc. No. 8-1, at 7, including the judgment against Nod Exavier, *see* Doc. No. 8-1, at 9. Additionally, since the registration of the foreign judgment in this case, the Western District of North Carolina has entered an order amending the caption of the final judgment to replace Orso with Nationwide as the named plaintiff. *See* Doc. No. 8-1, at 10 ("[T]he caption of the Final Judgment . . . in this case be amended to state

---

[1] Plaintiff and Nationwide are represented by the same counsel.

'Nationwide Judgment Recovery, Inc., as successor in interest to Matthew Orso, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com.'").

Federal Rule of Civil Procedure 25 states that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). It is well-settled that substitution is committed to the discretion of the court. "Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995). Substitution under Rule 25(c) is procedural only and does not impact the substantive rights of the parties. *See id.*

Here, a review of the evidence submitted supports a conclusion that Nationwide "is the party in interest as the assignee of the subject judgment." *See Bell v. Woods*, No. 5:20-mc-10-JSM-PRL, 2022 WL 428440, at *3 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 2022 WL 425719 (M.D. Fla. Feb. 11, 2022). Thus, the Court finds that substitution of Nationwide is appropriate. *See id. See also Nationwide Judgment Recovery, Inc. v. Pateau*, No. 6:21-mc-00080-CEM-EJK, Doc.

No. 28 (M.D. Fla. June 21, 2022) (granting substantially similar motion to substitute under Rule 25).

Accordingly, the Motion for Substitution of Plaintiff (Doc. No. 8) is **GRANTED**. The Clerk of Court is directed to amend the case caption to substitute Nationwide Judgment Recovery, Inc. as the named Plaintiff in this matter.

**DONE** and **ORDERED** in Orlando, Florida on November 10, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties